**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Plaintiff, | ) | **SECOND MOTION TO CONTINUE** |
| | ) | **AND DENYING THE GOVERNMENT'S** |
| vs. | ) | **MOTION FOR TRANSFER OF TRIAL** |
| | ) | **LOCATION** |
| Waylon Christopher Gladue, | ) | |
| | ) | Case No.  4:06-cr-009 |
| Defendant. | ) | |

Before the Court is the defendant Waylon Christopher Gladue's "Second Motion to Continue" filed on June 20, 2006.  Trial is currently scheduled to commence on June 27, 2006.  Defense counsel is scheduled to try another case beginning on June 27, 2006.  The Defendant has filed a Waiver of Speedy Trial Rights.  See Docket No. 20.  The Government does not oppose a continuance.

Also before the Court is the Government's "Motion for Transfer of Trial Location" filed on June 13, 2006.  The Government wishes to move the trial from Minot to Bismarck to take advantage of the courtroom technology in Bismarck.  The Defendant resists the motion asserting that a transfer of the trial from Minot to Bismarck would not be more convenient for the defendant and witnesses and would not further the administration of justice.

Rule 18 of the Federal Rules of Criminal Procedure states that the Court "must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice."  A district court has broad discretion in determining where within a district a trial is held.  United States v. Wattree, 431 F.3d 618, 621 (8th Cir. 2005).  The Court finds that the convenience of the defendant and the witnesses and the prompt administration of justice weigh in favor of holding the trial in Minot.  While less technologically advanced, the

courtroom in Minot is adequate for a trial of this nature.  The Court **DENIES** the Government's motion.  (Docket No. 16).

The Court finds that there is good cause to continue the trial and that the ends of justice are best served by continuing the trial pursuant to 18 U.S.C. § 3161 (h)(8)(A).  The Court **GRANTS** the Defendant's Second Motion to Continue.  (Docket No. 19).  Trial shall be rescheduled for Tuesday, September 26, 2006, at 9:30 a.m. in Minot before Judge Hovland.  A two (2) day trial is anticipated.  All time which elapses from the date of this order until trial shall be excluded from any Speedy Trial Calculation.  See 18 U.S.C. § 3161(h)(8)(B)(iv).

**IT IS SO ORDERED**.

Dated this 26th day of June, 2006.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court